**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2013-0249, <u>State of New Hampshire v. Patrick McIntire</u>, the court on January 22, 2015, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Patrick McIntire, appeals his conviction for possession of a controlled substance, methadone. <u>See</u> RSA 318-B:2 (Supp. 2014). He argues that the Superior Court (<u>O'Neill</u>, J.) erred in denying his request to instruct the jury on the defense of nullification and by giving the jury other instructions that contravened and undermined his nullification defense.

Specifically, the defendant argues that RSA 519:23-a (Supp. 2014), which took effect on January 1, 2013, requires the trial court to instruct the jury on the defense of nullification when the defendant requests such an instruction. He also argues that when a defendant argues nullification, as the trial court allowed the defendant to do in this case, the court may not in its instructions contravene or undermine the nullification defense by giving the standard <u>Wentworth</u> instruction, <u>see</u> <u>State v. Wentworth</u>, 118 N.H. 832, 838-39 (1978), or by instructing the jury that if the lawyers state the law differently from the court's instructions, the jury must follow the court's instructions and ignore the lawyer's statements.

On June 20, 2014, the State filed an assented-to motion to stay this appeal pending our decision in <u>State v. Paul</u>, No. 2013-0426. On June 25, 2014, we granted the State's motion, and on October 24, 2014, we issued our opinion in <u>State v. Paul</u>. In that case, we held that RSA 519:23-a is not a jury nullification statute. Rather, we held, the statute merely codifies pre-existing law regarding the function of the jury in criminal cases, <u>see</u> <u>State v. Paul</u>, 167 N.H. ___, ___ (decided October 24, 2014), including the well-established principle that jury nullification is neither a right of the defendant nor a defense recognized by law, <u>see</u> <u>State v. Sanchez</u>, 152 N.H. 625, 629 (2005). We further held that the trial court did not err in that case by giving instructions that may have contravened or undermined the defendant's jury nullification argument because RSA 519:23-a does not give the defendant the right to make such an argument. See <u>Paul</u>, 167 N.H. at ___.

Following our decision in <u>Paul</u>, the State filed a memorandum of law asserting that the defendant's arguments in this case are identical to the arguments we rejected in <u>Paul</u>.  Based upon our review of the arguments in the defendant's brief, we agree with the State that <u>State v. Paul</u> is dispositive of this case.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
